<hr/>

WARREN P. BELCHER AND ANOTHER *vs.* A. P. CONNER.

An appeal, taken before the passage of the Act of August 30, 1868, regulating appeals and writs of error, is not subject to the objection of want of finality in the decree.

Where the credibility of a witness is assailed on the score of character, and he is discredited, his depositions are not to be disregarded altogether as those of an incompetent witness, but should have such weight as, under the circumstances, is due to them as discredited testimony.

Where two were in copartnership in the business of buying and selling slaves, the liability of one to account to the other is not founded upon a contract, the consideration of which was the purchase of slaves, within the sense of those terms, as used in Article 4, Section 34, of the Constitution.

The plaintiffs are administrators of William W. Belcher, late of Abbeville District, who died intestate in November, 1859. The bill filed in 1860 alleged that a partnership had existed between the intestate and the defendant, in the purchase and sale of slaves, and it prayed that an account be taken of the partnership dealings and transactions, and that a decree be rendered against the defendant, for the balance found to be due by him, at the foot of the account.

Two Circuit decrees were made in the case by His Honor Chancellor Inglis—one in 1862, and the other in 1864. The case was then taken by appeal to the Court of Appeals, by which Court, at May Term, 1866, the principles of a final decree were settled, and the case remanded to the Circuit Court. The brief furnished the Reporter does not contain the proceedings after the appeal decree, and he is compelled, therefore, to refer to the judgment of the Supreme Court, delivered by Mr. Associate Justice Willard, for any

further statement of the case. He believes, however, that that judgment contains every thing necessary to a full understanding of the questions raised on the appeal made to this Court.

————, for appellant.

*Burt,* contra.

April 29, 1869. The opinion of the Court was delivered by

WILLARD, A. J. This is an appeal from a decree on a bill for the taking of a partnership account as between the testator of the plaintiffs and the defendant. The principles of a final decree were settled by the late Court of Appeals, in May Term, 1866. The case subsequently came before the Commissioner in Equity, to carry out the instructions of the appellate Court, and testimony was taken.

The defendant offered himself, and was examined as a witness in his own behalf, and notice was given by the plaintiffs that they intended to produce before the Chancellor, in open Court, proof that defendant was unworthy of credit as a witness.

The Commissioner reported, recommending the terms of a decree based in part upon the testimony given by the defendant. Witnesses were examined before the Chancellor, both impugning and sustaining the credibility of the defendant upon the general ground of character. The Chancellor held that the proof was sufficient to impeach the credibility of the witness, and set aside the Commissioner's report, and returned the case for a further report, with the instruction that "no regard be had to the depositions of the said Conner." The effect of this decision was to open the case before the Commissioner for further testimony.

The defendant filed his notice of appeal from this decision on the 8th day of November, 1867.

Had the present appeal been taken since the passage of the Act regulating appeals and writs of error to the Supreme Court, ratified August 30, 1868, it would have been subject to the objection that the decree appealed from was not " final;" but, having been previously taken, it comes to us under Section 5 of the Act to organize the Supreme Court, ratified September 10, 1868, based upon Section 9, Article XIV, of the Constitution of 1868, and is not subject to the objection of want of finality.

We can see no ground to interfere with the disposition of the case made by the Chancellor on the question of the credibility of

the defendant. That question was properly before the Court, and its decision adversely to the defendant is open to no objection that would warrant an appellate Court in disturbing it.

The instruction to wholly disregard the testimony of the defendant goes too far. The objection to testimony, on the score of credibility, affects its weight, and not its competency, and it is impossible to say, in the present stage of the case, that it will be entitled to no weight whatever in the final adjudication, although, under the effect of the discrediting testimony, it is entitled to no weight in the present aspect of the case.

The point of objection taken by the defendant in his last ground of appeal, that this is a case that should be dismissed, as arising upon a contract, the consideration of which was the purchase of slaves, is inapplicable to the case. The contract sought to be enforced here is one of partnership. The business contemplated by it was the purchase and sale of slaves; but the proper consideration of that contract was the mutual covenants and promises of the co-partners, and the acts they respectively engaged to perform, bearing on the objects contemplated. It cannot, in any just sense, be said that a contract of this nature was one of which the consideration was the purchase of slaves.

It is adjudged and decreed, that so much of the decree as directs that, on the further hearing of the case, no regard be had to the depositions of the defendant, Conner, be modified as follows: "That, on the further hearing of the case, the depositions of the defendant, Conner, be regarded as discredited, and, that, as to all other matters, the appeal be dismissed; and the case be remitted, for further proceedings, to the Circuit Court."

*Moses,* C. J., concurred.